IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 17, 2000 Session

## PHYLLIS McBRIDE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Rutherford County**
**No. F-47543    James K. Clayton, Jr., Judge**

———————————

### No. M2000-00034-CCA-R3-PC - Filed March 22, 2001

———————————

The Petitioner, Phyllis McBride, was convicted by a Rutherford County jury of first degree murder. On appeal, this Court affirmed the conviction. The Petitioner filed an application for permission to appeal to the Tennessee Supreme Court which was denied. The Petitioner then filed a petition for post-conviction relief. Following a hearing, the petition was dismissed. The Petitioner now appeals the trial court's denial of post-conviction relief. Finding no error, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA McGEE OGLE, JJ., joined.

Joe M. Brandon, Jr., Smyrna, Tennessee, for the appellant, Phyllis McBride

Michael E. Moore, Solicitor General; Todd R. Kelley, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and David L. Puckett, Assistant District Attorney General; for the appellee, State of Tennessee.

### OPINION

The Petitioner, Phyllis McBride, was convicted by a Rutherford County jury of first degree murder. On appeal, this Court affirmed the conviction. See State v. Phyliss Ann McBride, No. 01C01-9606-CC-00269, 1997 WL 661480, at *2 (Tenn. Crim. App., Nashville, Oct. 24, 1997). The Petitioner filed an application for permission to appeal to the Tennessee Supreme Court which was denied. The Petitioner then filed a petition for post-conviction relief. Following a hearing, the petition was dismissed. The Petitioner now appeals the trial court's denial of post-conviction relief. Finding no error, we affirm the judgment of the trial court.

FACTS

On September 28, 1993, the Petitioner, Phyllis McBride, went to trial for the murder of her husband, Bobby McBride. On that date, the trial court selected thirty-one prospective jurors during the voir dire process. Twelve jurors were placed in the jury box, four were seated in front of the jury box and the remaining fifteen potential jurors were seated along the railing near the jury box. The Defendant's counsel at trial (Counsel) examined the twelve jurors in the jury box and the four that were seated in front of the jury box; however, he failed to individually question the fifteen potential jurors seated along the railing. Counsel did address the fifteen jurors seated along the railing as follows: "By the way, I didn't mean to neglect you, but all the questions I've asked, if any of you happen to replace people up here, all those questions will apply to you." Phyliss Ann McBride, 1997 WL 661480, at *2.

Following the voir dire process, written challenges were submitted to the trial court. Two jurors were excused and replaced. After exercising the Petitioner's peremptory challenges, Counsel asked to approach the bench, where the following colloquy occurred:

> COUNSEL: We were under the impression that, really, we were questioning the jurors, and as they would be replaced, we would be able to ask specific questions to the jurors that took their seats.
> COURT: I explained that to you this morning, and you've seen us operate under that procedure.
> COUNSEL: Okay. That's fine.
> COUNSEL 2: Judge, there's only one question, I think, [that] has not been asked that I think is important. Maybe you could do that. Somebody should have read the list of witnesses, both the State's and the defense, because we don't know whether any of these people are related to the witnesses or have any association with them, and I think that's fairly significant.
> COURT: It's a little bit late to start re-asking questions.

Id. at *2-3. Written challenges were again submitted and one more juror was replaced. Three of the individuals seated along the railing were ultimately placed on the jury without any further questioning.

The jury found the Petitioner guilty of first degree murder, and the Petitioner was sentenced to life imprisonment. On appeal, Counsel raised the issue that he was not allowed to question three of the jurors; however, this Court affirmed the conviction and held "that not only did defense counsel not object to the method of jury selection, [he] also agreed to the method of selection prior to voir dire." Phyliss Ann McBride, 1997 WL 661480, at *3.

The Petitioner then filed a petition for post-conviction relief arguing that Counsel was ineffective for not objecting to the method of jury selection. At the post-conviction hearing, the trial court found that Counsel was not ineffective because he followed the same procedure as was

customary in the area. The trial court also found that even if Counsel had been ineffective, the Petitioner was not prejudiced. The Petitioner now appeals the trial court's denial of post-conviction relief.

ANALYSIS

The Petitioner argues that she was "denied a fair and impartial jury" because three of the individuals that had been seated along the railing during voir dire were ultimately placed on the jury without being individually questioned. Specifically, the Petitioner argues that because of Counsel's failure to examine all of the jurors, she was denied the right to exercise any meaningful or intelligent challenges. After reviewing the record, we conclude that the Petitioner was not prejudiced by Counsel's failure to individually question all of the jurors.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-203. The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Id. § 40-30-210(f). A post-conviction court's factual findings are subject to a *de novo* review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Jahiel Fields v. State, No. E1999-00915-SC-R11-PC, 2001 WL 166380, at * 4 (Tenn., Feb. 20, 2001) (citing Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997)). A post-conviction court's conclusions of law, such as whether counsel's performance was deficient or whether that deficiency was prejudicial, are subject to a purely *de novo* review by this Court, with no presumption of correctness. Id. at *5.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461.

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result. Id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn.1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980).

The Petitioner has failed to show that Counsel's conduct fell below an objective standard of reasonableness during the voir dire process. Although the trial court deviated from the jury selection procedure as set forth in the Tennessee Rules of Criminal Procedure 24(c)[1], no objection was made by either Counsel or the State when they met in the judge's chambers before voir dire to discuss the jury selection process. Phyliss Ann McBride, 1997 WL 661480, at *2. However, in reviewing Counsel's conduct within the context of the case as a whole, Counsel merely followed the same procedure as was customary in the area.

In addition, the Petitioner has failed to show that she suffered any prejudice as a result of the voir dire procedure followed by Counsel. The only evidence presented at the post-conviction hearing was the testimony of the Petitioner. The Petitioner testified that three jurors were ultimately placed on her jury without being individually questioned. However, no evidence was presented that the there was a reasonable probability that, but for Counsel's alleged error, the jury would have had reasonable doubt regarding the Petitioner's guilt.

The only question that Counsel had planned to ask the three jurors that ultimately were placed on the jury without being questioned was whether or not they had any association with any of the witnesses. Although Counsel did not individually ask each of the jurors this question, all three were present during the entire voir dire process. Counsel told those jurors that the questions being asked of the other jurors also applied to them. None of the jurors ultimately chosen indicated that there were any problems concerning his or her ability to be fair and impartial. Further, no evidence was presented that the jurors chosen to hear the case knew any of the witnesses. Thus, we conclude

---

[1] At the time of the Petitioner's trial, Tennessee Rules of Criminal Procedure 24(c) provided:

After twelve prospective jurors have been passed for cause, counsel will submit simultaneously and in writing, to the trial judge, the name of any juror either counsel elects to challenge peremptorily. Upon each submission each counsel shall submit either a challenge or a blank sheet of paper. Neither party shall make known the fact that the party has not challenged. Replacement jurors will then be examined for cause and, after passed, counsel will again submit simultaneously, and in writing, to the trial judge the name of any juror counsel elects to challenge peremptorily. This procedure will be followed until a full jury has been selected and accepted by counsel. Peremptory challenges may be directed to any member of the jury and counsel shall not be limited to replacement jurors. Alternate jurors will be selected in the same manner. The trial judge will keep a list of those challenged and, if the same juror is challenged by both parties, each will be charged with the challenge. The trial judge shall not disclose to any juror the identity of the party challenging the juror.

that the trial court's factual findings are supported by a preponderance of the evidence, and our review of the trial court's conclusions of law indicates that the trial court correctly found that the Petitioner did not suffer any prejudice from the jury selection process in this case.

Accordingly, the judgment of the trial court is AFFIRMED.

_____

ROBERT W. WEDEMEYER, JUDGE