IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2002

## LAYTHANIEL HANEY, SR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Cocke County**
**No. 24,713 III     Rex Henry Ogle, Judge**

---

**No. E1999-00616-CCA-R3-PC   Filed April 25, 2002**

---

The Petitioner was convicted by a Cocke County jury of seven counts of selling cocaine and one count of simple possession of marijuana. The trial court imposed an effective sentence of thirty-six years in the Tennessee Department of Correction. The convictions and sentence were affirmed on direct appeal. The Petitioner subsequently filed a petition for post-conviction relief, arguing that he received ineffective assistance of counsel at trial. Following a hearing, the trial court denied post-conviction relief, and this appeal ensued. Concluding that the Petitioner received effective assistance of counsel at trial, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee (on appeal); and Donald K. Schold, Naples, Florida (at trial), for the Appellant, Laythaniel Haney, Sr.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and Charles E. Atchley, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Petitioner, Laythaniel Haney, Sr., was convicted of five counts of selling more than 0.5 grams of cocaine, a Class B felony; two counts of selling less than 0.5 grams of cocaine, a Class C felony; and simple possession of marijuana, a Class A misdemeanor. The trial court sentenced the Petitioner as a Range II multiple offender and imposed a combination of concurrent and consecutive sentences, resulting in an effective sentence of thirty-six years' incarceration. This Court affirmed the convictions and the sentences on direct appeal, and the Tennessee Supreme Court denied permission to appeal. See State v. Lathaniel Haney, No. 03-C-01-9612-CC-00449, 1997 Tenn. Crim. App. LEXIS 862 (Tenn. Crim. App., Knoxville, Sept. 10, 1997).

The Petitioner filed a timely petition for post-conviction relief, which the trial court heard and dismissed. The Petitioner now appeals the post-conviction court's denial of relief. The Petitioner contends that he received ineffective assistance of counsel at trial. Specifically, he argues that his trial attorney failed to communicate several plea offers "for twenty (20) years at 35%" to him and that his trial attorney failed to call witnesses who "could testify in support of the Petitioner's defense of justification." Having reviewed the record, we conclude that the Petitioner received effective assistance of counsel at trial and thus affirm the trial court's denial of post-conviction relief.

At the hearing on the petition for post-conviction relief, the trial court heard the testimony of the Petitioner, his sister, and his trial attorney. The Petitioner stated that he had difficulty contacting his attorney and that his attorney did not discuss the "details" of his case. The Petitioner testified that his trial attorney never talked to any of his witnesses. The Petitioner further testified that he did not remember being presented with several plea agreement offers, including one offer of twenty years as a Range II offender for all of the offenses.

The Petitioner's sister testified that she tried to assist the Petitioner in communicating with his attorney by visiting the attorney's office "at least four or five times." She reported, however, that she was unable to talk with her brother's attorney.

Counsel testified that during her representation of the Petitioner, she met with him numerous times. She recalled that she discussed with the Petitioner audiotapes, lab reports, and "every other item that [they] received in discovery." She also discussed possible defense witnesses with the Petitioner. After interviewing several potential defense witnesses, she determined that their testimony "would either be not relevant or actually detrimental to [the Petitioner's] case."

Counsel explained that the Petitioner's defense theory was that he was working as a paid informant for the Federal Bureau of Investigation (F.B.I.) and he had been given "carte blanche to participate in drug trafficking in any manner that he chose in order to develop intelligence that could be used to make cases against other people." Counsel was able to substantiate that the Petitioner had worked as a paid informant for the F.B.I. for an unspecified period of time, and she entered into a stipulation to that effect which was presented to the jury at Petitioner's trial. Counsel testified that, in her opinion, the Petitioner's defense of justification was not going to be successful. However, she requested and received a jury instruction on the justification defense at trial. She testified that the Petitioner turned down a plea offer of twenty years on two occasions on the morning of trial.

The Petitioner now contends that he should be granted post-conviction relief because he received ineffective assistance of counsel at trial. In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-203. The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Id. § 40-30-210(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction

court's factual findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law, such as whether counsel's performance was deficient or whether that deficiency was prejudicial, are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461.

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result, id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

> Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980).

At the conclusion of the hearing, the trial court made the following findings of fact and conclusions of law:

First of all, the Court finds in regard to the actions of [counsel] that she fully and completely complied with the terms of the mandates of the Sixth Amendment to the United States Constitution. She fully advised [the Petitioner]. She [presented] him [with] plea offers time and time again that he refused to take.

In fact, if I remember correctly, as I stated earlier, this Court advised him of his rights in anticipation of a plea on one of the days that this case was set for trial. In fact I think we had called the jury off in anticipation of a plea from [the Petitioner] and after advising him of his rights he then chose not to take the plea, which of course was his privilege so to do.

The allegations - - Well, first of all, any allegations of ineffective assistance of counsel not raised by the proof that the Court has heard here are hereby dismissed in toto.

Secondly, or thirdly, as to the allegations that [counsel] failed to communicate with him, failed to investigate this matter and fail[ed] to advise him, the Court finds to be totally without merit and finds that [the Petitioner] furthermore is not entitled, he is not worthy of belief in this Court. He was caught here in these circumstances several times in total fabrication.

    . . . .

But I find in this case that there's absolutely . . . no foundation in fact, fiction or otherwise to find that [the Petitioner's counsel] did not do her duty to him. In fact, she went above and beyond the call of duty . . . .

In our view, the findings of the trial court are fully supported by the evidence presented at the post-conviction hearing and in the record on appeal. The Petitioner's trial attorney testified that she did communicate several plea offers for twenty years at thirty-five percent to the Petitioner and that the Petitioner simply declined to accept these offers. The trial court clearly accredited the testimony of counsel and not that of the Petitioner.

As for Petitioner's argument that he received ineffective assistance of counsel due to his trial attorney's failure to call witnesses who could allegedly testify in support of a justification defense, we again conclude that the trial court's determination that this argument is without merit is fully supported by the record. At the post-conviction hearing, the Petitioner did not present the testimony of the witnesses in question, and trial counsel testified that the witnesses would have harmed the Petitioner's case rather than helped it. We certainly cannot conclude that the failure to call these witnesses resulted in any prejudice to the Petitioner. Therefore, the Petitioner has failed to establish the prejudice prong of the Strickland test, that but for "counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Accordingly, we AFFIRM the judgment of the trial court.

_____

ROBERT W. WEDEMEYER, JUDGE