**STATE of Tennessee, Appellee,**

v.

**Gable Lee MITCHELL, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

April 19, 1988.

Permission to Appeal Denied by Supreme Court July 5, 1988.

Robert L. Smith, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Charles E. Bush, Asst. Atty. Gen., Nashville, for appellee.

OPINION

REID, Judge.

This case presents an appeal from the order dismissing appellant's petition for post-conviction relief.

Dismissal of the petition is affirmed.

Appellant was convicted by a jury of armed robbery and assault with intent to commit murder in the first degree with bodily injury and found to be an habitual criminal. He was sentenced to 30 years as a Range I offender on the assault convic-

tion and life imprisonment as an habitual criminal, to be served concurrently. On direct appeal the convictions were affirmed by this Court and the Supreme Court.

Appellant asserts ineffective assistance of counsel in violation of the state and federal constitutions as grounds for relief. He does not attack the competency of counsel nor their diligence but contends that the court's refusal to grant his motion for a continuance filed four days before trial deprived him of effective assistance of counsel.

Immediately following his arrest in June 1983 appellant employed an attorney whom he discharged on October 27, four days before the date set for trial. The extent of the attorney's preparation of appellant's case is not reflected by the record. However, the record shows that he filed a discovery motion, reviewed statements made by appellant and his co-defendants, discussed the case with his client and negotiated a proposed plea bargain of 50 years.

On the same date appellant discharged counsel he employed other counsel and filed a motion for substitution of counsel, which stated that appellant "voluntarily and knowledgeably terminated the services of his prior attorney only four (4) days before trial for his own personal reasons." On the same date appellant applied to the court for a continuance, on the ground that counsel did not have sufficient time to prepare the case for trial. The court, sitting by designation following appellant's motion to recuse, stated that counsel first employed was "competent", that there was nothing before the court to indicate he was not prepared for trial, that appellant's rights had been fully protected, that the "burden of this problem lies with the defendant", and that the case would not be continued unless prior counsel stated to the court that he was not prepared for trial.

Newly employed counsel, an experienced trial lawyer and a young associate, worked diligently from Thursday, the date of their employment, to Monday when the trial began. They reviewed the court file, they inspected the scene of the crime and they discussed the case with the district attorney general. From discussions with their client, who was not unfamiliar with the judicial process, counsel understood his view of the facts and the case. They concluded that appellant did not have an insanity or alibi defense. They made the decision not to request a severance. They researched the habitual criminal charge and, at the appropriate time, moved that the charge be dismissed. One of appellant's attorneys discussed the case with prior counsel who stated "the state's got enough on their side to show that he is guilty ..." Counsel reviewed statements made by all those charged in the crime including appellant, which indicated that he was a substantial participant in the robbery. They, in consultation with appellant, made the decision that he should not testify. They argued to the jury and prepared requested instructions which presented appellant's theory of the case, that he was guilty only of being an accessory after the fact. The record shows that counsel presented no evidence on behalf of appellant but contested the state's case vigorously.

Appellant contends that, since trial counsel were not successful in obtaining a continuance and because they did not interview all the witnesses, move to suppress appellant's incriminating statement, call as a witness one of the participants and file a motion to sever, he has been denied effective assistance of counsel.

 Protection of an accused's right to effective assistance of counsel does not require that his attorney's every act or omission claimed to be deficient be examined in isolation. The issue is whether considering the case as a whole, including performance by the accused, counsel provided reasonable professional assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975); *Hellard v. State*, 629 S.W.2d 4 (Tenn.1982). As stated in *Strickland v. Washington*, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged". *Supra* 104 S.Ct. at 2069.

The trial judge has wide discretion in granting or denying an application for a continuance. "[I]t is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel ... The answer must be found ... in the reasons presented to the trial judge at the time the request is denied." *Ungar v. Sarafite*, 376 U.S. 575 at 589, 84 S.Ct. 841 at 849–850, 11 L.Ed.2d 921 (1964). The competing rights of the accused and the need for the orderly administration of justice were discussed in *U.S. v. Burton*, 584 F.2d 485 (D.C.Cir.1978), which held, "[t]he evaluation of appellant's need for additional counsel, and the balance between the right to select counsel and the public's interest in the orderly administration of justice must all be carefully and delicately weighed, but sitting as a court of review, we afford substantial discretion to the trial court in judging that balance, and we will not reverse absent a showing of a depravation of the defendant's rights". *Supra* 584 F.2d at 492. In *State v. Green*, 613 S.W.2d 229 (Tenn.Crim.App.1980), the trial court denied a motion for continuance to allow defendant's appointed counsel adequate time to prepare for a hearing. This court affirmed, stating, "continuance is a matter which rests within the sound judicial discretion of the trial judge and his decision on a matter will not be disturbed absent a clear showing of prejudice to the appellant". *Supra* 613 S.W.2d at 233.

■ The United States Supreme Court stated in *Strickland*, "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Supra* 104 S.Ct. at 2069. There has been no showing that the circumstances complained of prejudiced appellant's defense. Appellant and three others were convicted of offenses incident to the robbery of a market and the shooting of an attendant. They were cruising in appellant's automobile doing cocaine when, in order to replenish their funds, they decided to rob a market. With reference to his involvement in the robbery, appellant stated on the post-conviction hearing, "I wouldn't play any participation in it rather than driving the car." Even though 3½ years elapsed between the original trial and the post-conviction hearing appellant failed to present any evidence on which could be based a reasonable doubt as to his guilt of the offenses of which he was convicted.

Defense counsel, though burdened by limited time, fulfilled their role in the adversary process as anticipated by the federal and state constitutions. Appellant has failed to carry the burden of proving that counsels' performance was such as to undermine confidence in the outcome of the trial. *Strickland v. Washington, supra;* *State v. Matson*, 729 S.W.2d 281 (Tenn. Crim.App.1986); *Long v. State*, 510 S.W.2d 83 (Tenn.Crim.App.1974).

The evidence does not preponderate against the lower court's judgment that appellant was not denied effective assistance of counsel and the judgment is affirmed. *State v. Bishop*, 731 S.W.2d 552 (Tenn.Crim.App.1986).

BYERS and WADE, JJ., concur.