IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 16, 2002

## RONNIE W. MALONE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-50189     J. S. Daniel, Judge**

_____

**No. M2001-01344-CCA-R3-PC - Filed March 7, 2002**

_____

The Petitioner pleaded guilty to felony possession of less than .5 grams of cocaine for the purpose of sale and delivery, a Class C felony, and to violating the Motor Vehicle Habitual Offender's Act, a Class E felony. For the felony possession conviction, the trial court sentenced the Petitioner as a Range III, persistent offender to ten years incarceration to be served at forty-five percent. For the motor vehicle habitual offender conviction, the trial court sentenced the Petitioner as a Range II, multiple offender to three years incarceration to be served at thirty-five percent. The trial court ordered that the two sentences be served concurrently, but consecutive to sentences for four prior convictions. The Petitioner filed a petition for post-conviction relief, claiming that his plea was constitutionally defective because he was inadequately represented and that his plea was not voluntarily, knowingly and intelligently entered. The trial court denied relief. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Larry D. Brandon, Murfreesboro, Tennessee, for the Appellant, Ronnie W. Malone.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Paul A. Holcombe, III, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Petitioner, Ronnie Wayne Malone, was arrested and charged with felony possession of more than .5 grams of cocaine, violation of the Motor Vehicle Habitual Offender Act, two counts of simple possession of marijuana and resisting arrest. The Petitioner pleaded guilty to felony possession of less than .5 grams of cocaine for the purpose of sale and delivery, a Class C felony, and to violating the Motor Vehicle Habitual Offender Act, a Class E felony. For the felony

possession conviction, the trial court sentenced the Petitioner as a Range III, persistent offender to ten years incarceration to be served at forty-five percent. For the motor vehicle habitual offender conviction, the trial court sentenced the Petitioner as a Range II, multiple offender to three years incarceration to be served at thirty-five percent. The trial court also ordered the Petitioner to pay a $3,000.00 fine.

According to the State at the plea hearing, the underlying facts are as follows: The Petitioner was stopped in his vehicle on June 27, 1999 by two Murfreesboro police officers because his license had previously been revoked. Upon stopping the vehicle, the officers performed a search incident to arrest. The officers found a small amount of marijuana. Later, during a search of the Petitioner's person incident to arrest, officers found a substance which the lab concluded to be 1.5 grams of crack cocaine, a Schedule II controlled substance. See Tenn. Code Ann. § 39-17-408(b)(4).

At the plea hearing, the Petitioner stated that he understood what he was charged with, what he was pleading to, and the sentence that he would receive. The Petitioner acknowledged that he knew that he had the right to plead not guilty and have a jury trial; that he was entitled to be represented by an attorney; and that if he pled guilty, there would be no review of the conviction. When asked by the trial court if he was entering the plea freely and voluntarily, the Petitioner responded affirmatively. The Petitioner also stated that he had read the negotiated plea agreement and agreed that it was correct. The Petitioner testified that he did not have any complaints regarding his attorney.

Following his conviction, the Petitioner filed for post-conviction relief, claiming that his plea was constitutionally defective because he was inadequately represented and that his plea was not voluntarily, knowingly and intelligently entered. Specifically, the Petitioner argues that counsel was deficient for failing to tell him that his prior offenses could not be used against him at trial unless he testified. The Petitioner also complains that counsel did not obtain as evidence a videotape from the arresting officer's car, as well as the drugs that were obtained from the Petitioner's car and person. After a careful review of the record, we conclude that the Petitioner's allegations are without merit.

FACTS

The evidence presented at the post-conviction hearing consisted of the testimony of the Petitioner and the testimony of Petitioner's trial counsel. The Petitioner stated that counsel did not "[bring] to his attention" that his prior convictions could be used against him only if he testified. However, when asked what counsel told the Petitioner with regard to what would "come out" if he took the witness stand, the Petitioner said, "I am not going to say. I can't remember. I'm not going to sit and say that he did or didn't."

The Petitioner testified that he believed that there was a video camera in the patrol car when he was arrested and that the arresting officers made a videotape of his arrest. The Petitioner stated that he was not in a car when the police arrested him, and he maintained that if the videotape had

been located, it would have established his innocence. Nevertheless, the Petitioner testified that even if there was a videotape of the arrest, it would not have shown the police finding the cocaine on his person because the search took place in his aunt's house. The Petitioner stated that counsel told him that he tried to get the videotape, but the police officer said there was no tape. The Petitioner acknowledged that the trial court had conducted a hearing regarding the search and found that it was proper. The Petitioner also stated that he was never allowed to see the cocaine that was taken from him. However, he acknowledged that he never told the judge that he wanted to see the cocaine.

Trial counsel testified that he is an Assistant Public Defender for the Sixteenth Judicial District. Counsel stated that he was licensed to practice law in August 1971 and estimated that he had defended over 250 felony drug cases. Counsel testified that the Petitioner informed him that he thought the police had a videotape of the arrest, so counsel filed a motion for discovery and contacted the District Attorney's Office. Counsel stated that he also contacted Sergeant Anita Flagg, who was in charge of the tapes at the police department, and inquired about the tape. According to counsel, Flagg told him that such a tape did not exist. Counsel testified that he extensively cross-examined the police officers involved, and they both maintained that there was no tape. Counsel stated that he had "done all [he] could to locate the tape and was told it didn't exist."

Counsel testified that there was "no doubt" that he discussed with the Petitioner what would happen if the Petitioner was convicted as a persistent offender. Counsel also testified that the State had filed a notice of impeaching convictions, and counsel explained to the Petitioner that those convictions could be brought out only if the Petitioner testified. Counsel maintained that he never told the Petitioner that his convictions would automatically be admissible against him at trial. Counsel testified that the Petitioner told him that he was in the car because he was going to see his girlfriend.

Counsel testified that the lab report containing the results of the tests performed on the substance found on the Petitioner's person at the time of his arrest was made an exhibit at the suppression hearing. Counsel further testified that he showed the lab report to the Petitioner prior to the hearing. However, counsel maintained that the Petitioner never stated that he actually wanted to see the substance that was the subject of the lab report.

ANALYSIS

The Petitioner argues that he did not voluntarily, knowingly and intelligently enter his guilty pleas. In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-203. The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Id. § 40-30-210(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo

review by this Court, with no presumption of correctness. Id. at 457. The Tennessee Supreme Court has held that the issue of ineffective assistance of counsel is a mixed question of law and fact and, as such, is subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution. Id.; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461. In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result. Id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn.1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

This standard also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To satisfy the requirement of prejudice in a case involving a guilty plea, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he or she "would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980).

In this case, the Petitioner contends that counsel coerced him into entering a guilty plea by advising him that, if he went to trial, his prior convictions would be used against him. However, the Petitioner has failed to show that he did not enter his guilty pleas voluntarily, knowingly and intelligently. At the plea hearing, both the trial judge and counsel questioned the Petitioner extensively about his rights and whether he understood his plea. The Petitioner stated that he understood his rights and was voluntarily pleading guilty. Furthermore, the record supports the post-conviction court's finding that counsel was not deficient with regard to the Petitioner's plea

agreement. The Petitioner also stated that he had no complaints with regard to his counsel. Counsel testified that he informed the Petitioner that his prior convictions would potentially be brought out only if he testified. The trial court obviously accredited the testimony of counsel, and we may not disturb this finding by the trial court on appeal.

We further conclude that counsel for the Petitioner did not err by failing to obtain a videotape of the Petitioner's arrest. Although the Petitioner testified that he told counsel that there was a videotape of the arrest, he admitted that he had never actually seen the tape and that he was told that it did not exist. Counsel testified that he filed a motion for discovery of the videotape and contacted the District Attorney's Office. Counsel also stated that he called the police department and was told that such a tape did not exist. Counsel recalled that he vigorously cross-examined the police officers who arrested the Petitioner, and they maintained that there was no tape. Apart from the Petitioner's testimony, there is no evidence in the record to suggest that a videotape of the arrest ever existed. Moreover, we conclude that even if such a tape existed, the Petitioner presented no evidence to establish that he was prejudiced by its absence. The Petitioner stated he was inside his aunt's house when the police found the cocaine.

Finally, there is no evidence in the record to suggest that the Petitioner asked his attorney if he could see the cocaine that was the subject of his arrest. The Petitioner acknowledged that did not ask the trial judge about it. However, even if the Petitioner did request to see the cocaine, we fail to see how he was prejudiced by not being allowed to view the cocaine. The lab report containing results of an analysis of the substance was presented at the plea hearing and made available to the Petitioner prior to the hearing. The Petitioner has failed to show how viewing the cocaine would have aided his case.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE

-5-