IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2002

## DARREL HOWARD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-20479     Carolyn Wade Blackett, Judge**

---

**No. W2001-00813-CCA-R3-PC - Filed March 21, 2002**

---

Pursuant to a plea agreement, the Petitioner pleaded guilty to nine counts of aggravated robbery and five counts of aggravated assault. The trial court sentenced the Petitioner to an effective sentence of twenty years in the Tennessee Department of Correction. The Petitioner subsequently filed for post-conviction relief, claiming that his plea was constitutionally defective because he was inadequately represented at the time of the plea and because the plea was not voluntarily, knowingly, and intelligently entered. The post-conviction court denied relief. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Bill Anderson, Jr., Memphis, Tennessee, for the Appellant, Darrel Howard.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; Betsy Carnesale, Assistant District Attorney General; and Stephanie Johnson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The Petitioner, Darrel Howard, pleaded guilty to nine counts of aggravated robbery and five counts of aggravated assault. Pursuant to a plea agreement, the trial court sentenced the Petitioner to ten years on each of the aggravated robbery convictions and four years on each of the aggravated assault convictions. A combination of concurrent and consecutive sentencing resulted in an effective sentence of twenty years in the Tennessee Department of Correction.

The Petitioner subsequently filed a petition for post-conviction relief, in which he alleged that his guilty pleas were constitutionally defective because he was inadequately represented by

counsel and because he did not voluntarily, knowingly and intelligently enter the pleas. In his petition, the Petitioner stated that "counsel intimidated the Defendant by telling him he would receive one hundred years if he didn't cop-out for twenty years." In a motion to amend his petition, the Petitioner further claimed that his name was forged on the "conviction papers," that additional charges were added to the "guilty plea paper" after the Petitioner had signed it, and that the Petitioner was sentenced "out of [his] range." The Petitioner also contended that counsel was ineffective in representing him because counsel: (a) did not file pre-trial motions; (b) allowed the Petitioner to be sentenced out of range; (c) used coercive tactics; and (d) failed to fully discuss the Petitioner's case with the Petitioner. Following a hearing, at which the Petitioner, his mother, and Petitioner's trial counsel testified, the post-conviction court denied relief.

The Petitioner argues on appeal that "there were many times during the course of representation in these cases that [the Petitioner] was confused and appeared to not grasp the gravity of the situation he was involved with." The Petitioner argues that defense counsel failed to properly explain "all of the procedures" to him and that this failure, "along with the apparently [sic] immediacy urged by defense counsel to enter the guilty pleas" rendered the Petitioner's guilty pleas involuntary. The Petitioner further argues on appeal that counsel "should have recognized the problems the Defendant was having in accepting the guilty pleas and that his failure to do so constituted ineffective assistance of counsel." The State responds that the Petitioner's guilty pleas were not constitutionally defective and that Petitioner's counsel was not ineffective.[1] We agree with the State. Therefore, we affirm the judgment of the post-conviction court.

## I. Facts

The evidence presented at the post-conviction hearing consisted of the testimony of the Petitioner, his mother, and Petitioner's trial counsel. A transcript of the hearing at which the Petitioner entered his guilty pleas was also introduced as evidence. The Petitioner testified that his attorney did not discuss the facts of each case separately and thoroughly with the Petitioner; did not ask the Petitioner for a list of witnesses; did not file any motions to suppress statements of the Petitioner allegedly made in a juvenile facility; did not interview witnesses; and became hostile with Petitioner, telling Petitioner that if the Petitioner did not accept the twenty years, he would get one hundred years. The Petitioner also testified that he did not understand that he was pleading to fourteen separate charges. Finally, the Petitioner's mother testified that counsel did not discuss the particular facts of each crime and confirmed that the Petitioner and counsel were involved in a heated discussion immediately prior to the entry of the plea.

The testimony of defense counsel was directly contradictory to the testimony of the Petitioner on virtually every point. Defense counsel testified that he did discuss the facts of each case with the

---

[1]As a preliminary matter, the State argues that the Petitioner's notice of appeal was not timely filed. By our calculations, the notice of appeal was timely. See Tenn. R. App. P. 21(a).

Petitioner and that he basically did all he could for the Petitioner considering the numerous charges and the overwhelming evidence against the Petitioner.

In a detailed "FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PETITION FOR POST-CONVICTION RELIEF," the post-conviction court concluded that the Petitioner failed to prove any of his claims by clear and convincing evidence. Relying in part upon the transcript of the guilty plea, the post-conviction court concluded that the Petitioner understood his plea. The court also noted that the Petitioner heard the statement of facts that the State gave about all of the crimes and that the Petitioner admitted that those facts were true. The post-conviction court found no merit to the Petitioner's claim that he was coerced into pleading guilty. Likewise, the post-conviction court found no merit to the Petitioner's assertion that his convictions were based on a violation of the privilege against self-incrimination. Finally, the post-conviction court carefully analyzed the Petitioner's claim that he was denied effective assistance of counsel and determined that claim to be meritless as well. With regard to the claim of ineffective assistance of counsel, the post-conviction court found in part as follows:

> Petitioner accuses his attorney of failing to file any motions to suppress, failing to discuss the case with him including possible sentences, failing to meet with him and discuss strategies, and taking his money without doing any work. On the contrary, [Counsel] testified that he discussed each of Petitioner's charges with him and the possible sentences. Furthermore, Counsel testified that he that [sic] did file a motion for a mental evaluation to prepare Petitioner's defense. Counsel further testified that he tried to meet with Petitioner while he was out on bond, and Petitioner failed to come to the office for scheduled appointments. Specifically, Counsel testified that he asked to meet with Petitioner to go over the discovery packet. However, Petitioner failed to show and Counsel could not remember giving Petitioner a copy of any of the discovery materials. Although Counsel was ready to go to trial, there was a lot of evidence against Petitioner including confessions made by himself and his co-defendant, and a report-indicating Petitioner had a weapon. As a result Counsel negotiated a good deal for him. [Counsel] testified that Petitioner never indicated that he was giving ineffective assistance of counsel, or that there were other things that [Petitioner] wanted him to do.

## II. Analysis

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-203. The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Id. § 40-30-210(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at 457. The Tennessee Supreme Court

-3-

has held that the issue of ineffective assistance of counsel is a mixed question of law and fact and, as such, is subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution. Id.; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461. In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result. Id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn.1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

This standard also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To satisfy the requirement of prejudice in a case involving a guilty plea, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he or she "would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980).

The Petitioner has failed to prove that he received ineffective assistance of counsel in this case. The post-conviction court clearly found that the Petitioner's testimony at the post-conviction hearing was not credible and accredited the testimony of trial counsel. The evidence supports these findings of the post-conviction court. Furthermore, we have concluded from our de novo review that the Petitioner entered his pleas voluntarily, knowingly, and intelligently. The Petitioner argues that the numerous charges against him and his confusion concerning the charges resulted in involuntary pleas. The transcript of the guilty pleas does not support the Petitioner's arguments. It reflects no confusion or misunderstanding by the Petitioner. The issue is whether the pleas represented a

voluntary and intelligent choice among the alternative courses of action open to the Petitioner. North Carolina v. Alford, 400 U.S. 25, 31 (1970). The Petitioner was facing potential punishment for nine Class B felonies and five Class C felonies. As the post-conviction court noted, the twenty-year negotiated sentence was a "good deal."

We conclude, as did the post-conviction court, that the Petitioner received effective representation in the trial court and that his guilty pleas were entered without any constitutional defects.

Accordingly, the judgment of the post-conviction court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE