IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 7, 2003

## FRED DELANEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-24320    Bernie Weinman, Judge**

_____

**No. W2002-00496-CCA-R3-PC - Filed May 15, 2003**

_____

The petitioner appeals the denial of his petition for post-conviction relief.  He claims ineffective assistance of counsel and that his sentence is excessive. Because this Court previously determined that the petitioner's sentence was not excessive on direct appeal, we dismiss this issue. We conclude that the evidence does not preponderate against the findings of the trial court and affirm the post-conviction court's denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Ted I. Jones, Memphis, Tennessee, for the appellant, Fred Delaney.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; William L. Gibbons, District Attorney General; and John Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Originally, the petitioner, Fred Delaney, was convicted by a jury of attempted first degree murder, a Class A felony, and unlawful possession of a weapon, a Class E felony. The trial court sentenced the petitioner to forty years for the attempted first degree murder conviction and four years for the unlawful possession of a firearm conviction, to be served consecutively for an effective forty-four-year sentence.  See State v. Fred Delaney, No. 02C01-9804-CR-00105, 1999 Tenn. Crim. App. LEXIS 555 (Tenn. Crim. App. June 3, 1999, at Jackson ), perm. to appeal denied (Tenn. Nov. 22, 1999).  On November 17, 2000, the petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel and that his sentence was excessive.

The testimony at the post-conviction hearing consisted of the petitioner's trial counsel and the petitioner.

The petitioner's trial counsel testified that she is assigned to the capital defense team for the Public Defender's Office. She said the petitioner was charged with attempted first degree murder in connection with the shooting of a police officer and convicted felon in possession of a handgun. She said she met the petitioner approximately three or four times in jail and approximately six times in court. She said the petitioner told her that he did not commit the crime and that he was on the scene, but that he was being chased by the police officer. She said that she had not looked through the discovery for the evidence against the petitioner and that an investigator independently looked into the facts of the crime. She said the T.B.I. conducted tests. She did not recall whether paraffin tests were conducted, but did recall there being fingerprint testing. She said that the petitioner had prior convictions, and she had been given notice of enhancement and impeachment by the State. She said she usually files for a pretrial Morgan hearing, but did not recall if she had one in this case. She said the petitioner had a misdemeanor possession of drugs, carrying a weapon, driving on revoked license, and two felony possessions of drugs.

The petitioner's trial counsel testified that she tried the petitioner's case and that she communicated the State's offer of forty years to the petitioner. She said the petitioner thought the offer was absurd, and he "didn't have a whole lot to lose if that was all they were going to offer him." She said the petitioner was cooperative with her when they first met. She said the petitioner had no one for her to interview; however, she looked through discovery and canvassed the neighborhood. She said the petitioner gave her the name of a woman, Barbara Allen, who was interviewed and used at trial.

The petitioner's trial counsel testified that the officer who was shot was a rookie officer and that it seemed his partner, a senior officer, did not follow procedures when the incident occurred. She said it was her aim to show that "things weren't quite right on that end of it." She said the petitioner was positively identified at trial by a police officer. She said the petitioner was convicted of attempted first degree murder and sentenced to forty years on that charge, as well as four years on the unlawful possession of a weapon charge. She said the petitioner was sentenced as a Range II offender, but should not have been sentenced to consecutive sentences. She said the petitioner was always very low key and was never aggressive or abusive. She said the petitioner was arrested after running from police because he was intoxicated and was with a group of people of questionable character. She said there is nothing she would have done differently on the petitioner's case.

On cross-examination, the petitioner's trial counsel testified that she tried to get a dismissal of the petitioner's case after the State presented its proof in demonstrating premeditation. She said there was no impeachment of the petitioner, since he never testified. She said this was not a premeditated act because the petitioner was running from the police, but an act which did not require any contemplation. She said that she had an investigator on this case and that a witness gave some favorable evidence to help the petitioner at trial. She said the witness testified that the petitioner and the officer were wrestling when the shots occurred.

The petitioner testified that he was not happy with his trial counsel's representation because she did not bring in enough evidence about the shooting and the hospital report. He said he thought the hospital report would show that he did not shoot the officer. He said he remembered the State's offer as being thirty years, but he declined to accept it in exchange for a guilty plea. He said he decided to file his petition for post-conviction relief because he did not commit the crime. He also said he did not think the State would use his prior convictions at trial and that it was unfair to have the clerk from the Criminal Court Clerk's Office testify against him. He said he did not testify because his trial counsel told him that the State would bring up his past record and use it against him. He said that on the night the incident occurred, he was "standing in the yard, more likely the next-door neighbor's yard. So they pulled up like this corner ways on the driveway like. (indicated) So I walked toward the car. Then I ran back toward the house, and they jumped out of the car and chased me, and I fell, shot in the air twice, and I got up and ran." He said he did not think the bullets would hit anyone because the officer was chasing him and because he shot the gun in the air before falling on the ground. He said he knew that he would be sentenced to some time on this incident, but did not think it was worth forty years. He said that when this incident occurred, he was on parole, in possession of a gun, and under the influence of whiskey and beer. He said he wanted the post-conviction court to reduce his sentence.

At the conclusion of the hearing, the post-conviction court ruled that the petitioner had failed to meet his burden of demonstrating ineffective assistance of counsel and determined that his sentencing issue was previously decided on direct appeal. In its June 26, 2001, written order denying relief, the trial court stated that it found "the advice given and services rendered by the defendant's counsel was within the range of competency demanded by an attorney in a criminal case" and that the petitioner's trial counsel's representation of the petitioner at his trial "complied with the requirements set out by the Supreme Court in Baxter v. Rose, 523 S.W.2d 930."

**Analysis**

The claim of ineffective assistance of counsel is a mixed question of law and fact and is subject to de novo review; however, we review the findings of the trial court with a presumption of correctness unless the evidence preponderates otherwise. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). The judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). The credibility of witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court and, on appeal, the burden is on the petitioner to prove that the evidence preponderates against the post-conviction court's findings. Henley, 960 S.W.2d at 579.

## A. Ineffective Assistance of Counsel

The petitioner contends he received ineffective assistance of counsel. Specifically, the petitioner contends that his trial counsel inadequately investigated his case and raises, in the instant appeal, all of the issues raised previously at his post-conviction hearing, as follows:
(1) trial counsel failed to obtain the medical reports of the victim;
(2) trial counsel failed to file a motion in limine to restrict the use of his previous convictions at trial;
(3) trial counsel failed to adequately research the rules of evidence;
(4) trial counsel stipulated during trial as to the petitioner's identity and previous convictions; and
(5) trial counsel failed to have the court mitigate the petitioner's sentence.

To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of proving both that trial counsel's performance was deficient and that the deficiency prejudiced the petitioner. Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). To establish that trial counsel performed deficiently, the petitioner must show that his counsel's performance was below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). The petitioner must also show that his trial counsel's performance prejudiced the defense, resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993).

When evaluating an ineffectiveness of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. In reviewing the claims of the petitioner, this Court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462.

The petitioner's testimony consisted merely of bare allegations, without any further elaboration. The post-conviction court accredited the testimony of the petitioner's trial counsel and refused to accept that of the petitioner. The post-conviction court found "no merit to the defendant's position that his trial attorney did not properly investigate and prepare his case." Implicit in the findings of the trial court is that the petitioner's other remaining issues were found to be meritless. The post-conviction court found "no merit to any of the complaints of the petitioner." We conclude that the evidence does not preponderate against the findings of the trial court.

## B. Sentencing

The petitioner contends that his sentence is excessive. The petitioner has previously raised this argument on direct appeal, and this Court concluded that his sentence was not excessive,

affirming the judgment of the trial court.  <u>See</u> <u>Fred Delaney</u>, 1999 Tenn. Crim. App. LEXIS 555, at **15-17.

The petitioner, however, claims that his excessive sentence is a reflection of the ineffective assistance of his trial counsel.  The petitioner is entitled to relief via post-conviction appeal to this Court for any conviction or sentence based on an abridgment of any constitutional right, whether state or federal.  <u>See</u> Tenn. Code Ann. § 40-30-203.  We note that if the petitioner's claims have been waived or previously determined, or if the facts alleged fail to show that he is entitled to relief, the petition must be dismissed.  Tenn. Code Ann. § 40-30-206(f).  The post-conviction court found that the petitioner's sentencing issue "was fully considered on direct appeal and found to be without merit."  Because this Court previously determined that the petitioner's sentence was not excessive, we dismiss this issue.

## **Conclusion**

Accordingly, the post-conviction court's denial of the post-conviction relief petition is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE