IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2005

## ARCHIE L. MILLER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. C47,970     Phyllis H. Miller, Judge**

_____

**No. E2004-01134-CCA-R3-PC - June 28, 2005**

_____

The petitioner, Archie L. Miller, appeals the Sullivan County Criminal Court's dismissal of his petition for post-conviction relief in which he challenged his three 2002 convictions of selling cocaine. The post-conviction court appointed counsel, who filed an amended petition, and the court conducted an evidentiary hearing.  Following the hearing, the court found that the petitioner failed to establish the ineffective assistance of trial counsel and denied post-conviction relief.  We affirm the action of the post-conviction court.

**Tenn. R. App. P. 3; Judgments of the Criminal Court are Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Raymond C. Conklin, Jr., Kingsport, Tennessee, for the Appellant, Archie L. Miller.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and J. Lewis Combs, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

         The petitioner's jury convictions resulted from evidence that the petitioner sold cocaine to a confidential informant in three audiotaped transactions.  The trial court sentenced the petitioner to an effective Department of Correction sentence of ten years.  The petitioner filed no motion for a new trial and pursued no appeal.

         In the post-conviction hearing, the petitioner testified that trial counsel held four five-minute meetings with him prior to trial on four occasions.  The petitioner testified that typically he was unable to reach counsel by telephone.  He testified that, despite his request that counsel investigate the backgrounds of confidential informants Linda Brewer and Linda Barker, counsel failed to do so.  The petitioner opined that an investigation of the informants would have revealed

that they had criminal records. The petitioner testified that he gave counsel a list of six or seven names of people who should be interviewed, including a man named Keyshawn, who bore a close physical resemblance to the petitioner and who, the petitioner claimed, was actually the person from whom the informants bought cocaine.

The petitioner testified that the person who testified at trial as Linda Brewer was Linda Barker, not Linda Brewer, and that he informed counsel that the witness was not who she claimed to be and was not the woman depicted in the videotape of a drug transaction. He testified that counsel showed neither an interest in the issue nor in generally impeaching the witness.

Concerning his claim that trial counsel coerced him into waiving his right to testify at trial, the petitioner admitted that, in a mid-trial voir dire examination, he testified that he was voluntarily relinquishing his right to testify. At the post-conviction hearing, he claimed that his desire to testify at trial was squelched by counsel's admonition that, if he testified, his juvenile court record would be placed into evidence. He testified, "So I got scared and I didn't want to take the stand after that. I just refused to take it then." On cross-examination, the petitioner admitted that his trial counsel "didn't pressure [him] at all"; he said that the decision not to testify was his "own decision."

The petitioner testified that counsel failed to prepare him for the trial. In particular, the petitioner testified that he was surprised at the large amount of cocaine that was introduced into evidence.

Trial counsel testified that he may have met with the petitioner only four times at the jail, but he recalled meeting with him on a number of occasions at the courthouse during the lengthy pendency of the case. Counsel opined that he was prepared to try the case.

The petitioner made no claim that Linda Brewer and Linda Barker were not the same person until during the testimony of the person identified at trial as Linda Brewer. Counsel testified that, when the name "Linda Barker" appeared pretrial on a state-furnished witness list and the name "Linda Brewer," but not "Linda Barker," appeared on a superseding list, the petitioner asked counsel whether the two names referred to the same person. At any rate, counsel testified that he impeached Linda Brewer via a prior felony drug conviction.

Counsel further testified that he did not pursue character witnesses who might testify that they had never seen the petitioner sell drugs because such proof would open the door for the state to present evidence suggesting that the petitioner was indeed involved in the drug trade.

Counsel testified that his concerns about the petitioner testifying at trial were not based upon any concern for the petitioner's juvenile record.[1]  Rather, his concerns were based upon the petitioner's inability to articulate and his stubborn insistence that he was not a drug-dealer but merely an agent who represented the interests of sellers.

In an extensive and thorough order, the post-conviction court held that the petitioner not only failed to show any deficiency of trial counsel, but he "failed to present any credible evidence to support any claim stated in his amended petition."  The court specifically accredited "the testimony of [trial counsel] over that of the Petitioner," finding much of the petitioner's testimony to be "preposterous and incredible."

On appeal the petitioner advances the following claims of ineffective assistance of trial counsel: (1) Counsel's investigation of the case was inadequate in that he failed to meet adequately with the petitioner, failed to interview possible character witnesses, failed to explore the backgrounds of state witnesses, and failed to challenge the identity of the state's chief witness, Linda Brewer; (2) counsel failed to use character witnesses at trial; (3) counsel failed to advise and inform the petitioner prior to and during trial; and (4) counsel coerced the petitioner into relinquishing his right to testify at trial.

The post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. Tenn. Code  Ann. § 40-30-210(f) (2003).  On appeal, the appellate court accords to the trial court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them.  *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

When a post-conviction court denies a petitioner's claim of ineffective assistance of counsel, this court, on appeal, must determine whether the evidence preponderates against a post-conviction court's findings (1) that counsel's performance was within the range of competence demanded of attorneys in criminal cases, *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and/or (2) that any deficient performance did not prejudice the petitioner, *Strickland v. Washington*, 466 U.S. 668, 687-89, 104 S. Ct. 2052, 2064-69 (1984); *see also  Powers v. State*, 942 S.W.2d 551, 557 (Tenn. Crim. App. 1996).  Courts need not address these components in any particular order or even address both if the petitioner fails to meet his burden with respect to one.  *Henley*, 960 S.W.2d at 580.

In evaluating counsel's performance, this court should not examine every allegedly deficient act or omission in isolation, but rather we view the performance in the context of the case as a whole.  *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988).  The primary concern of the court should be the fundamental fairness of the proceeding of which the result is being challenged.  *Id.*  Therefore, this court should not second-guess tactical and strategic decisions by

---

[1]Tennessee Rule of Evidence 609(d) provides that "[e]vidence of juvenile adjudications is generally not admissible" to impeach the accused in a criminal case.  Tenn. R. Evid. 609(d).

defense counsel. *Henley*, 960 S.W.2d at 579. Instead, this court must reconstruct the circumstances of counsel's challenged conduct and evaluate the conduct from counsel's perspective at the time. *Id.*; *see also Irick v. State*, 973 S.W.2d 643, 652 (Tenn. Crim. App. 1998).

Even if the petitioner establishes that counsel's performance was not within the requisite range of competence, he must also demonstrate a reasonable probability that the result of the proceeding would have been different but for the defective performance of counsel. *Henley*, 960 S.W.2d at 580. A court must

> "consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated trivial effect. . . ."

*Id.* (quoting *Strickland*, 466 U.S. at 696-97, 104 S. Ct. at 2069).

To establish prejudice from counsel's failure to call a witness to testify at trial, the post-conviction petitioner must call the witness to testify at the evidentiary hearing because the petitioner must establish by clear and convincing evidence that the witness "would have testified favorably in support of [the] defense if called." *See Black v. State*, 794 S.W.2d 752, 758 (Tenn. Crim. App. 1990).

Our analysis of the issues on appeal need not be protracted. The record supports the post-conviction court's determination that the petitioner failed to establish his claims of ineffective assistance of counsel by clear and convincing evidence, and we agree that the petitioner's evidence in the evidentiary hearing was neither clear nor convincing. The claims that trial counsel failed to utilize helpful witnesses were not supported by any post-conviction testimony of such witnesses, and the general claim that counsel failed to utilize character witnesses was dissipated by counsel's testimony that a strategy of putting the defendant's character in issue would have been disastrous. *See* Tenn. R. Evid. 404(a)(1) (as an exception to general rule of exclusion of bad character evidence that shows action in conformity with the character or trait, evidence of a character trait may be offered by the prosecution to rebut a criminal-case defendant's evidence of good character). The petitioner's claims that counsel performed deficiently in advising him and in generally preparing for trial remain unsupported. The claim that counsel coerced or misinformed him into waiving his right to testify at trial was addressed in counsel's post-conviction testimony. He detailed sound tactical reasons that he had articulated to the petitioner in recommending that the petitioner not testify, and the post-conviction court accredited this testimony.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE