IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2013

## AUQEITH LASHAWN BYNER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2007-D-3157    Steve R. Dozier, Judge**

_____

**No. M2012-00230-CCA-R3-PC - Filed June 25, 2013**

_____

The Petitioner, Auqeith Lashawn Byner, pled guilty to driving on a suspended license, and a Davidson County jury convicted him of possession with the intent to sell or deliver over twenty-six grams of cocaine and possession of drug paraphernalia. The trial court sentenced the Petitioner to serve an effective sentence of seventeen years in the Tennessee Department of Correction. The Petitioner appealed his convictions but withdrew his appeal on February 11, 2010. On February 14, 2011, the Petitioner, *pro se*, timely filed a petition seeking post-conviction relief on the basis of ineffective assistance of counsel and was thereafter appointed an attorney. After a hearing on the petition, the post-conviction court issued an order denying the Petitioner relief. The Petitioner appeals the trial court's denial of his claim. After a thorough review of the record, the briefs, and relevant authorities, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Ashley Preston, Nashville, Tennessee, for the Appellant, Auqeith Lashawn Byner.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel, Criminal Justice Division; Victor S. Johnson, III, District Attorney General; and Pamela Anderson and Rachel Sobrero, Assistant District Attorneys General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts**

The Petitioner was pulled over for a traffic infraction while driving to Kentucky. Police officers searched the Petitioner's vehicle and person and located illegal drugs and drug paraphernalia. The Petitioner subsequently pled guilty to driving on a suspended license, and a jury convicted the Petitioner of possession with the intent to sell or deliver over twenty-six grams of cocaine and possession of drug paraphernalia.

On February 14, 2011, the Petitioner timely filed, *pro se*, a Petition seeking post-conviction relief. Appointed counsel filed an amended petition on the Petitioner's behalf on October 21, 2011. The amended petition asserted that the Petitioner had been denied the effective assistance of counsel in violation of his constitutional rights. The trial court held an evidentiary hearing during which the parties presented the following evidence: The Petitioner testified that he was initially represented by other attorneys while his case was docketed in general sessions court. The Petitioner recalled that he filed a complaint against his original attorney and, thereafter, was appointed his trial counsel ("Counsel") approximately four months before his trial date.

The Petitioner testified that Counsel met with him at the jail "a hand full of times," and that she "tried to communicate with him." The Petitioner said that these meetings lasted a couple of hours each time. Counsel communicated two plea offers from the State, both of which the Petitioner declined.

The Petitioner agreed that Counsel found and presented at trial two witnesses that he believed were significant in his defense. The Petitioner further agreed that Counsel discussed the trial defense with him. He said that he felt, however, that Counsel should have better investigated the validity of the traffic stop.

The Petitioner testified that he filed an appeal from the jury convictions but later withdrew the appeal and waived his right to appeal. The Petitioner explained that he did so because Counsel advised that his issues were better addressed through post-conviction relief. The Petitioner said that one of the issues he wanted to address was the trial court's denial of his pretrial motion to suppress. The Petitioner agreed that several suppression motions were filed on his behalf and denied. Specifically, he recalled two suppression hearings, one with his first attorney and one with Counsel. The Petitioner testified that he did not understand the implications of waiving his right to appeal.

On cross-examination, the Petitioner testified that, at the time he signed the waiver of his right to appeal, he had two pending indictments. The charges involved Class B felonies and a sentencing range of twelve to twenty years for each of the indictments. The Petitioner agreed that, after talking with Counsel, he signed the waiver of appeal in exchange for the dismissal of the two pending indictments.

The Petitioner testified that, in addition to the meetings with Counsel, he communicated with her through correspondence. He agreed that Counsel was "available" to him when he wanted to discuss aspects of the case.

Counsel testified that, when she began representing the Petitioner in July 2008, his case was already set for a September trial date. Counsel recalled meeting with the Petitioner five times in jail to discuss the case. During these meetings, Counsel said that she and the Petitioner spent a great deal of time discussing a defense strategy and whether proceeding to trial was in the Petitioner's best interest.

Counsel testified that the defense strategy was to show that the Petitioner had recently bought the car from persons who left illegal drugs in the car unbeknownst to the Petitioner. She said the cash found during the search was money given to the Petitioner by family members to pay off a civil judgment against him in Kentucky. Counsel explained that one of the people involved in the sale of the car to the Petitioner was deceased and the other was incarcerated. She said that, in support of the defense, she arranged for the attorney with whom the Petitioner had been working to pay off the Kentucky judgment to testify at trial. She met with the Petitioner's uncle and grandmother but decided not to call the uncle as a witness at trial.

Counsel testified that she advised the Petitioner to accept the State's plea settlement offer that would have disposed of four pending cases against the Petitioner. The Petitioner declined the plea offer. After trial, the Petitioner had two pending indictments. The State approached Counsel and proposed that if the Petitioner waived his right to appeal the jury trial convictions, the State would dismiss the remaining indictments. The Petitioner was concerned that the waiver included post-conviction claims, and Counsel confirmed that the waiver did not include post-conviction claims.

Counsel testified that the Petitioner appeared to "grasp" the legal issues in his case better than other clients. She said she had to carefully explain the procedure and law to the Petitioner but "by the end he seemed pretty clear" that he was waiving his right to appeal the suppression of the search in his case.

After hearing the evidence, the post-conviction court issued an order denying post-conviction relief. The order stated as follows:

> In this case, the [P]etitioner has shown no proof that the assistance of trial counsel was ineffective. The Court accredits the testimony of trial counsel and finds that the [P]etitioner had very competent counsel and representation. Trial counsel communicated with the [P]etitioner, filed

motions on his behalf, and engaged in thorough preparation for the trial. The [P]etitioner had ample reason to waive his appeal in [this] case, in that there were no viable grounds presented for appeal and two pending cases against him were dismissed as consideration for the waiver. The Court has reviewed the video of the waiver made on the record in open court in addition to the written waiver previously referenced. Trial counsel stated that she had discussed the appeal with the [P]etitioner and that the waiver was based on the State's agreement to enter a nolle prosequi on two pending cases. The attorney for the State also discussed what would occur with the [P]etitioner. The [P]etitioner was under oath and acknowledged that he wanted to withdraw his appeal.

The Court finds that the [P]etitioner's issues are without merit and that the [P]etitioner has failed to meet his burden by clear and convincing evidence, nor has he demonstrated any prejudice. Therefore the petition for post-conviction relief is hereby *denied*.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that he received the ineffective assistance of counsel. Specifically, he asserts that Counsel failed to discuss with him a defense strategy or witnesses to be called at trial. He also contends that Counsel erroneously advised him that the issues he wanted to raise on direct appeal were post-conviction issues. The State responds that the Petitioner has failed to prove his allegations by clear and convincing evidence and, therefore, the trial court should be affirmed. We agree with the State.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2012). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2012). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997)). A post-conviction court's factual findings are subject to a *de novo* review by this Court; however, we must accord these factual findings a presumption of correctness, which can be overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. *Fields v. State*, 40 S.W.3d

450, 456-57 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely *de novo* review by this Court, with no presumption of correctness. *Id.* at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). The following two-prong test directs a court's evaluation of a claim for ineffectiveness:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989).

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, "a petitioner must show that counsel's representation fell below an objective standard of reasonableness." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. *Strickland,* 466 U.S. at 690; *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court should avoid the "distorting effects of hindsight" and "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 689-90. In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462. Finally, we note that a defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering

claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." *House*, 44 S.W.3d at 515 (quoting *Goad*, 938 S.W.2d at 369).

If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the *Strickland* test by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Harris v. State*, 875 S.W.2d 662, 665 (Tenn. 1994).

Our review of the record reveals that Counsel met with the Petitioner in jail five times to review with the Petitioner the case, the legal process, and the defense at trial. Counsel investigated and prepared for the Petitioner's trial, arranging for witnesses to testify in furtherance of the defense theory that the illegal drugs found in the car were left by the previous owners. The record also shows that the Petitioner was informed that he would be unable to challenge the denial of the suppression motions if he waived the right to appeal in exchange for the dismissal of two felony indictments. The Petitioner met with Counsel, who explained the implications of the State's offer. The Petitioner then signed a waiver form evidencing his intent to waive his right to appeal.

Accordingly, we conclude that the trial court did not err when it denied the Petitioner's petition for post-conviction relief. The Petitioner failed to show that Counsel's representation was ineffective and that he was prejudiced by Counsel's representation. The Petitioner is not entitled to relief.

## II. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the post-conviction court properly denied post-conviction relief. Accordingly, we affirm the judgment of the post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE