IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 16, 2004

## BERNARD KANE JOHNSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 74522     Ray L. Jenkins, Judge**

_____

**No. E2003-02140-CCA-R3-PC**
**May 13, 2004**
_____

Following an evidentiary hearing on the issue whether Bernard Kane Johnson, the petitioner, had been denied effective assistance of counsel, the post-conviction court determined that no constitutional violation had been shown and that the petitioner's sexual battery, aggravated kidnapping, and aggravated assault convictions were not void or voidable. Finding no error, we affirm the post-conviction court's dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J. and JOSEPH M. TIPTON, J., joined.

Albert Newman, Knoxville, Tennessee, for the Appellant, Bernard Kane Johnson.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Zane Scarlett, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The petitioner is serving an effective 22-year sentence for his involvement in the 1997 abduction and assault of his former girlfriend. His convictions resulted from a jury trial on a twelve-count indictment charging five counts of aggravated rape, one count of especially aggravated kidnapping, four counts of aggravated kidnapping, one count of aggravated assault, and one count of aggravated burglary. *See State v. Bernard K. Johnson*, No. E2000-00009-CCA-R3-CD, slip op. at 2 n.1 (Tenn. Crim. App., Knoxville, Jan. 31, 2001). After considering the evidence and the conflicting testimony of the victim and the petitioner, the jury acquitted the petitioner of four counts of aggravated rape, one count of especially aggravated kidnapping, and three counts of aggravated kidnapping. *Id*. On the four remaining counts, the jury found the petitioner guilty of sexual battery, as a lesser included offense of aggravated rape, aggravated kidnapping, aggravated assault, and aggravated criminal trespass, as a lesser included offense of aggravated burglary. *Id*. On direct

appeal, this court reversed and dismissed the criminal trespass conviction and modified the remaining sentences. *Id*., slip op. at 16.

As pertains to this appeal, it is unnecessary to recount the trial testimony in detail. Suffice it to say that the jury was called upon to resolve the sharply conflicting testimony of the petitioner and the victim; as this court observed on direct appeal, "[T]he jury discredited his testimony and accredited much of the victim's, as was the jury's prerogative." *Id*., slip op. at 8.

In connection with his bid for post-conviction relief, the petitioner claimed that the services of trial and appellate counsel were constitutionally ineffective and that double jeopardy principles barred his convictions based on an order of protection that was in force at the time of the offenses. At the hearing on his claims, the petitioner testified that trial counsel met with him approximately five times. As part of their discussions, the petitioner told counsel that he was "innocent," and the petitioner provided the names of possible defense witnesses. The petitioner said that some, but not all, of those witnesses testified at trial. One witness who did not testify was physically impaired at the time of trial. The petitioner described the other witnesses who did not testify as "neighbors" who could have vouched for his "credibility and stuff."

The petitioner was asked to relate what counsel had failed to do at trial. He began by stating that in general he felt as if he "was on the defense in the whole trial." More specifically, the petitioner complained that counsel never obtained a "background check" of the victim, which would have revealed her criminal history and drug involvement. The petitioner said that he told counsel about these matters, including the victim's poor credibility; yet, counsel did not cross-examine the victim about those issues.

The petitioner further complained about the use of his prior criminal history as a sentencing enhancement factor. He did not specify the nature of counsel's dereliction, but the petitioner insisted that he would have testified at sentencing that he was not a bad person. Asked to summarize his view of counsel's representation, the petitioner testified that counsel "just didn't do a good job of defending [him]."

Regarding his double jeopardy complaint, the petitioner explained that prior to the charged offenses, he was living in Atlanta with his mother. The victim had obtained an order of protection against the petitioner; nevertheless, she kept calling the petitioner, and he eventually returned to Tennessee to live with her. The order of protection was still in place, and the petitioner, therefore, did not believe he should have been convicted.

On cross-examination, the petitioner admitted that he thanked counsel after trial for the "good job" and that he even sent counsel a note thanking him. The petitioner claimed that he wrote the note because he needed some paperwork from counsel. The petitioner refused to concede that counsel did a "good job" on the charges for which the jury found him not guilty, because he could have represented himself and "got [himself] off."

The state called former counsel who rebutted the petitioner's complaints. Counsel testified that inasmuch as the petitioner was facing several Class A felony charges that resulted in not-guilty verdicts, the ultimate trial result was "quite good." Counsel's records reflected that he met with the petitioner at least six times. Counsel also enlisted the help of a private investigator who interviewed the defendant's witnesses.

Counsel recalled that the petitioner did mention that the victim had a criminal history. Counsel testified that other than a 1983 conviction in Knox County for simple possession of marijuana, counsel was unable to confirm the victim's prior convictions. Counsel stated that he did cross-examine the victim closely about discrepancies and untruths in her testimony. After the jury returned its verdict, the petitioner was "ecstatic"; counsel related that the petitioner hugged and thanked him.

Counsel testified that after trial, he met with the petitioner on three occasions and fully discussed the sentencing process and tactics. Counsel did not recall that the petitioner wanted to testify at sentencing, but at any rate, the petitioner made a statement expressing his innocence. Counsel handled the appeal, which resulted in one of the convictions being reversed and a reduction in the petitioner's effective sentence.

On cross-examination, counsel denied that the petitioner had provided any information about convictions that the victim may have had in Georgia or about the petitioner and the victim having resided in Georgia. Counsel also denied receiving any information that the victim was using illegal substances at the time of her trial testimony.

At the conclusion of the testimony, the post-conviction court issued an oral ruling that the petitioner had not carried his burden to sustain the petition.

On appeal, the petitioner challenges as incorrect the post-conviction court's dismissal of his petition for post-conviction relief. He asserts (1) that the post-conviction court incorrectly concluded that trial counsel's cross-examination of the victim did not fall below an objective standard of reasonableness; (2) that double jeopardy principles barred his convictions for crimes against the victim, inasmuch as a previous order of protection was in force; and (3) that his previous convictions were improperly considered in arriving at his sentence. Post-conviction counsel concedes that no legal basis exists for the double jeopardy or sentencing issue but that the petitioner insisted that the issues be included in the brief on appeal. Our review convinces us that the post-conviction petition was properly dismissed.

It is well settled that in order to obtain post-conviction relief, a petitioner must show that the challenged conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-103 (2003). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. *Id*. § 40-30-110(f) (2003). A post-conviction court's factual findings are subject to a *de novo* review on appeal; however, the factual findings are afforded a presumption of correctness, which is

overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely *de novo* review on appeal, with no presumption of correctness. *Id*. at 457.

Regarding the services provided by trial counsel, the right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, section 9, of the Tennessee Constitution. *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). This right encompasses the attendant right to "reasonably effective" assistance. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). To prevail on a claim of constitutionally deficient representation, a petitioner must demonstrate that the advice given or services rendered by the attorney were outside the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. That is, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064 (1984). More than unreasonable representation, however, is required. A petitioner must also demonstrate that counsel's performance prejudiced the defense, resulting in a failure to produce a reliable result. *Id*. at 687, 104 S. Ct. at 2064; *Cooper v. State*, 849 S.W.2d 744, 747 (Tenn. 1993). To satisfy the prejudice requirement, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2068-69. This reasonable probability must be "sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S. Ct. at 2068; *see also Harris v. State*, 875 S.W.2d 662, 665 (Tenn. 1994).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Cooper*, 849 S.W.2d at 746; *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980).

The petitioner's argument that a more aggressive cross-examination of the victim's prior criminal record and drug use would have resulted in an acquittal on all charges, in our opinion, is entirely speculative. The jury carefully sifted through the credibility issues presented, and by its verdict, the jury obviously did not credit the victim's testimony in its entirety. The petitioner has failed to show how counsel's conduct prejudiced his defense. Even more fundamentally, however, the petitioner has not shown that the victim has any prior criminal history beyond that testified to by trial counsel. Also, without some direction from the petitioner, trial counsel did not know what

jurisdictions should be consulted, and we do not believe that trial counsel was required to undertake some global type of investigation about the victim's possible past transgressions.

As for the sentencing hearing that was conducted, the petitioner's grievance that his prior criminal history was improperly used to enhance his sentence is not appropriate for post-conviction consideration. Enhancement on this basis is statutorily authorized, and it does not involve "the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2003).

Last, no double jeopardy protections are implicated because an order of protection was in effect at the time of the offenses. Post-conviction counsel cites no authority to support this argument, and we have found none.

Accordingly, the petitioner has not demonstrated that the lower court erred in denying post-conviction relief. We therefore affirm that court's judgment.

_____
JAMES CURWOOD WITT, JR., JUDGE