# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 19, 2007

## MICHAEL BRAXTON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-B-1350    Steve R. Dozier, Judge**

─────────────

**No. M2006-01894-CCA-R3-PC** - Filed July 10, 2007

─────────────

A Davidson County jury convicted the Petitioner, Michael Braxton, of aggravated rape and aggravated assault, and he received an effective sentence of twenty-three years. The Petitioner filed a petition for post-conviction relief claiming that he had received the ineffective assistance of counsel at trial. The post-conviction court dismissed the petition after a hearing. The Petitioner appeals that dismissal. Finding no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Charles E. Walker, Nashville, Tennessee, for the Appellant, Michael Braxton.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Amy H. Eisenbeck, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

At the Petitioner's post-conviction hearing, the Petitioner complained that his trial counsel ("Counsel") was ineffective, in part, because Counsel advised him not to testify due to his prior criminal record and because Counsel failed to introduce physical evidence that contradicted the victim's testimony.

At the hearing, the following evidence was presented: the Petitioner testified that Counsel advised him that he should not testify at trial because of his criminal record. The Petitioner read a portion of a letter that Counsel sent him that stated, "Third, since most of what [the victim] told you herself can only come out at trial if you take the witness stand, I must balance the value of your testimony against the harm to your credibility with the jury, when your criminal history comes into

evidence." This letter was introduced into evidence.

The Petitioner testified that, had he testified at trial, he would have described how he and the victim left the campus of Tennessee State University. On their return to campus, the victim began to holler and scream that she did not want to go back to campus, so they went to a hotel. The Petitioner testified that he may have had oral sex with the victim, but he was so tired he could not recall if he did so before he fell asleep. He only recalled kissing the victim, and he asserted that he never had sexual relations with the victim. He described how later in the evening the victim began to holler and scream that nobody loved her. The Petitioner told the victim that he loved her, and she yelled at him and then locked herself in the bathroom. When the Petitioner awoke the next morning, the police were inside the hotel room, and he learned that the victim had alleged that he had raped her. The Petitioner explained that he provided Counsel with a narrative of such testimony. The Petitioner recalled that at trial the victim testified that he ripped off her undergarments. The Petitioner told Counsel that the victim's undergarments were not ripped, but Counsel inspected the undergarments and told the Petitioner that her undergarments had a little tear on them.

On cross-examination, the Petitioner acknowledged that Counsel sent him a letter that informed him that ultimately the Petitioner must decide whether or not to testify. He contended that Counsel had said, "It would be suicide if you take the stand," and Counsel only discussed the potential pitfalls associated with the Petitioner testifying.

Counsel testified that he discussed the Petitioner's right to testify with the Petitioner. He informed the Petitioner of the potential benefits and consequences of the Petitioner's possible testimony. Counsel was concerned about the Petitioner testifying because the Petitioner had a prior conviction for a similar offense. He explained that the Petitioner needed to make his own decision about whether to testify, and he did not prohibit the Petitioner from testifying. Counsel testified that he looked at the victim's undergarments and noticed that they had a slight tear at the waistband, but he could not determine whether they had been ripped from the victim's body. Counsel asserted that the State did not raise the issue of whether the victim's undergarments had been forcibly removed.

On cross-examination, Counsel explained that he thought the State could impeach the Petitioner by asking about his prior criminal history if the Petitioner chose to testify. He could not recall whether he filed a pre-trial motion asking the trial court to determine whether or not the Petitioner's prior rape conviction would be admissible if he chose to testify. Counsel read a portion of his letter to the Petitioner that stated "I want you to think long and hard about whether you wish to testify in your own defense." Counsel explained that he did not intend his letter to discourage the Petitioner from testifying. Counsel noted that the victim claimed that she broke her wrist the night that the Petitioner raped her, a fact which he thought negated the argument that the victim had voluntarily engaged in sexual relations with the Petitioner.

The trial court credited Counsel's version of the events, which were supported by the letter to the Petitioner. Based on the evidence, the court determined that Counsel was not ineffective because Counsel properly advised the Petitioner that it was the Petitioner's decision whether or not

to testify, and, if he chose to, there was the potential that his prior criminal record could be used against him. Additionally, the court found that Counsel was not ineffective for not attempting to have the victim's undergarments admitted because the victim's testimony did not raise the issue of whether her undergarments were ripped.

## II. Analysis

On appeal, the Petitioner argues that he received the ineffective assistance of counsel. Specifically, he argues that Counsel did not give adequate legal guidance by telling the Petitioner not to testify and that Counsel failed to impeach the victim by introducing her undergarments into evidence.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2006). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999); *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which can be overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. *Id.* at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution. *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). The following two-prong test directs a court's evaluation of a claim for ineffectiveness:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989).

3

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Strickland*, 466 U.S. at 688 (1984)).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. *Strickland,* 466 U.S. at 690; *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. *Strickland,* 466 U.S. at 690; *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462. Finally, we note that a petitioner in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. *House*, 44 S.W.3d at 515 (citing *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)). However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. *House*, 44 S.W.3d at 515.

If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the *Strickland* test by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Harris v. State*, 875 S.W.2d 662, 665 (Tenn. 1994).

## A. Decision to Testify

The Petitioner argues that he received ineffective assistance of counsel because Counsel advised him not to testify. The post-conviction court found:

> The [P]etitioner testified that trial counsel said to him personally that the [P]etitioner can not testify because of his prior rape conviction. [Counsel] stated that he never told the [P]etitioner that he could not take the stand due to a prior rape conviction. The State introduced, as Exhibit 1, a letter from [Counsel] to the [P]etitioner in

4

which [C]ounsel tells the [P]etitioner of [C]ounsel's desire for the [P]etitioner to "think long and hard about whether (the [P]etitioner) wishes to testify in (his) own defense." The language in the correspondence, according to the Court, clearly puts the option of testifying on the [P]etitioner. The Court must also credit the testimony of Counsel. Therefore, as to the initial issue, the [P]etitioner has failed to carry his burden of clear and convincing evidence in accordance with *Strickland*, supra.

The evidence does not preponderate against the findings of the post-conviction court. The Petitioner claims that Counsel was ineffective for advising him that his prior conviction could be admitted, because, under Rule 609 Tennessee Rules of Evidence, the State is required to give notice and a hearing would have to be conducted before his conviction would be admissible. He contends that the State never provided such notice, thus, his prior conviction would not have been admissible.

Regardless of the admissibility of the Petitioner's prior conviction pursuant to Rule 609, the possibility existed that evidence of the prior conviction may have been admitted into evidence had the Petitioner chosen to testify at trial. In *State v. Kendricks*, 947 S.W.2d 875, 883 (Tenn. Crim. App. 1996), this Court held that "irrespective of admissibility under Rule 609 [of Tennessee Rules of Evidence], a conviction may be used to contradict a witness who 'opens the door' and testifies on direct examination that he or she has never been convicted of a crime, or to counter some other facet of direct testimony." In addition, the Petitioner's conviction may have been used as substantive evidence under Rule 404(b) to prove such factors as lack of mistake and intent. *See* Tenn. R. Evid. 404(b). Therefore, Counsel's advice that the Petitioner should consider the possibility that his prior conviction could be used against him if he were to testify was not without legal merit. We agree with the trial court's finding that Counsel's letter to the Petitioner clearly places the decision of whether to testify with the Petitioner. Counsel explained that he did not intend his letter to discourage the Petitioner from testifying. Counsel properly advised the Petitioner of his right to testify and merely informed him of a possible drawback of his potential testimony, and, thus, the Petitioner has failed to show that Counsel was deficient. The Petitioner is not entitled to relief on this issue.

### B. Physical Evidence

The Petitioner contends that Counsel was ineffective for failing to introduce the victim's undergarments into evidence to impeach the victim's testimony that the Petitioner ripped off her undergarments. The State contends that the Petitioner waived this issue and that the Petitioner did not receive the ineffective assistance of counsel. The post-conviction court determined that Counsel's behavior in regard to the victim's undergarments was not ineffective, finding:

> The Court has reviewed the record provided by the [P]etitioner as to the victim's testimony regarding her underwear and how it was removed on the day in question. The Court must note that the transcript does not reflect that the victim told the jury the [P]etitioner "ripped" her panties from her body. Where this phrasing should be found is a blank. Once the victim answers the prosecutor's question, the

5

prosecutor follows up with, "He took your panties off?" The victim responds in the affirmative. Assuming arguendo, the victim said "ripped" the panties off in response to the first question, the Court finds that the [P]etitioner has failed to establish by clear and convincing evidence how [C]ounsel's non-objection runs afoul of *Strickland* and its progeny. The Court notes the multiple scratches and bruises on the victim's person. The Court also recalls the victim being very credible. Any value that the introduction of the panties would have carried for impeachment purposes is substantially shadowed by the overwhelming evidence of the [P]etitioner's guilt. Therefore, this issue is also without merit.

The evidence in the record does contain does not preponderate against the findings of the post-conviction court. Counsel testified that he inspected the victim's undergarments and could not discern whether they had been ripped, although he noticed a slight tear near the waistband. He also testified that the Petitioner had informed him that the victim had voluntarily removed her undergarments and that the State did not raise the condition of the victim's undergarments at trial. Counsel was not deficient in not objecting or declining to introduce evidence to contradict something about which no testimony was given. Further, the Petitioner failed to show that he suffered any prejudice because the victim's undergarments were not introduced into evidence at trial. The testimony noted by the post-conviction court indicates that the condition of the panties, and whether they were ripped, was not an issue at trial. The Petitioner is not entitled to relief on this issue.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the judgment of the post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE