# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 7, 2011

## JESSE WADE GLOVER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Obion County**
**No. CC-10-CR-54      William B. Acree, Jr., Judge**

---

**No. W2010-01679-CCA-R3-PC - Filed June 6, 2012**

---

Petitioner, Jesse Wade Glover, appeals from the post-conviction court's denial of post-conviction relief. Petitioner was convicted following a jury trial of facilitation of the promotion of methamphetamine manufacture, a Class E felony, and sentenced by the trial court as a Range II, multiple offender, to four years incarceration. This Court affirmed Petitioner's conviction on direct appeal. *State v. Jesse Wade Glover*, No. W2008-00185-CCA-R3-CD, 2009 WL 2015230 (Tenn. Crim. App. at Jackson, filed July 13, 2009), *perm. app. denied* (Tenn., Nov. 23, 2009). A summary of the facts underlying Defendant's conviction can be found in this Court's opinion cited above. Defendant timely filed a *pro se* petition for post-conviction relief, asserting as grounds that he received the ineffective assistance of counsel at trial. Petitioner was appointed counsel to represent him. Following an evidentiary hearing, the post-conviction court denied relief. After a careful review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which ALAN E. GLENN and JEFFREY S. BIVINS, JJ., joined.

Beau E. Pemberton, Dresden, Tennessee, for the appellant, Jesse Wade Glover.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Kevin McAlpine, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

*Post-conviction hearing*

Petitioner did not testify at the post-conviction hearing. Trial counsel testified that he had been an attorney for 27 years. He estimated that he had represented several hundred

defendants in criminal cases throughout his career. He was retained by Petitioner's parents to represent Petitioner at trial. Counsel testified that he met with Petitioner prior to trial, "[h]alf a dozen [times], maybe. I don't know." Those meetings ranged in length from 30 minutes to two hours each. Counsel testified that he made a tactical decision not to seek a severance of Petitioner and his co-defendant because he "thought it would be better to try them together where we could present evidence to the jury that it was really [Petitioner's co-defendant] who [was] guilty of these crimes rather than [Petitioner]." He also testified that he knew Petitioner's co-defendant had "every incentive" to testify against Petitioner whether the trial was severed or not. Neither Petitioner nor his co-defendant gave a statement to police. Petitioner did not request that trial counsel seek a severance. As to his reasoning for not requesting a jury charge on corroboration of accomplice testimony, counsel testified, "[I]f you get to the point where [the jury has] to decide [Petitioner]'s an accomplice, he's already guilty of something. So the decision was I don't want them to think he's an accomplice."

Trial counsel testified that he "worked [his] butt off for [Petitioner]." He filed a motion to suppress prior to trial. Petitioner was charged with a Class B felony, which carries a sentencing range for a Range II offender of 12 to 20 years; the State made a plea offer of 12 years; and Petitioner was convicted of a Class E felony and sentenced to four years. Counsel "wasn't completely happy [with the outcome of the trial], but [he] certainly wasn't completely totally disappointed, because of the possible outcome that could have happened." Counsel represented Petitioner on direct appeal, but he did not remember what issues were raised in Petitioner's motion for new trial or on appeal.

Doris Glover, Petitioner's mother, testified that she and Petitioner's father retained trial counsel to represent Petitioner. She testified that she asked counsel prior to trial if Petitioner and his co-defendant could be tried separately, and counsel told her that the trial court would not allow a severance.

At the conclusion of the hearing, the trial court took the matter under advisement, but made the following observation:

> [R]egarding the severance, it seems like to me that issue didn't come up, but I doubt that I would have granted a severance because it looks like to me that if there's ever a case that's going to be tried together, it should be this one. Drugs were found on both defendants. They were both complaining – or, excuse me – both defendants were together where drugs were found. They were both contending that it was the other defendant.

In an order denying post-conviction relief, the post-conviction court made the following findings and conclusions:

The first ground asserted by the petitioner is that his trial counsel was ineffective in failing to challenge the facilitation charge. The Court finds as a matter of law that the facilitation charge is not only proper, but necessary in this case. It would have been error to fail to charge facilitation.

The second ground is that the trial counsel was ineffective in failing to request a severance from [co-]defendant, Ferguson. There were not grounds for a severance under Rule 14 T[enn]. R. C[rim]. P., and this Court would not have granted a severance if a severance had been requested. Further, petitioner's trial counsel did not request a severance for tactical reasons. He wanted the opportunity to cross examine Ferguson and convince the jury that the drug related materials belonged to Ferguson and not the petitioner. A failed strategy or tactic alone does not establish deficient representation.

Finally, the petitioner asserts that his trial counsel was ineffective in failing to request an instruction on accomplice testimony. This ground is also without merit. Again, trial counsel made a tactical decision not to request such a charge. Furthermore, an accomplice charge was not necessary. The state introduced sufficient evidence to establish that both defendants were guilty of drug related charges. The testimony of the two defendants added little, if anything, to the evidence establishing guilt. The two defendants simply attempted to blame each other.

*Analysis*

On appeal, Petitioner contends that the post-conviction court erred when it dismissed his petition, because his counsel was in fact ineffective. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40–30–103 (2006). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Tenn. Code Ann. § 40–30–110(f) (2006). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999); *Henley v. State*, 960 S.W.2d 572, 578–79 (Tenn. 1997). A post-conviction court's factual findings are subject to a *de novo* review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings.

*Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely *de novo* review by this Court, with no presumption of correctness. *Id*. at 457. The Tennessee Supreme Court has held that the issue of ineffective assistance of counsel is a mixed question of law and fact and, as such, is subject to *de novo* review. *Burns*, 6 S.W.3d at 461.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, section 9, of the Tennessee Constitution. *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *Burns*, 6 S.W.3d at 461; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. *Burns*, 6 S.W.3d at 461. The following two-prong test directs a court's evaluation of a claim for effectiveness:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or [] sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989). In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052 (1984)). When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. *Strickland*, 466 U.S. at 690; *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988).

The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. *Strickland*, 466 U.S. at 690; *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462.

If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the *Strickland* test by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. *Strickland*, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." *Id*. at 694; *see also Harris v. State*, 875 S.W.2d 662, 665 (Tenn. 1994).

Finally, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id*. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

On appeal, Petitioner claims that he was denied the constitutionally guaranteed effective assistance of counsel because his trial counsel failed to: 1) object to the instruction on facilitation as a lesser-included offense to promotion of methamphetamine manufacture; 2) move the trial court for a severance; and 3) request a jury instruction on corroboration of accomplice testimony.

As to Petitioner's claim that counsel was ineffective for failing to object to the trial court's instruction on facilitation as a lesser-included offense, we note that Petitioner apparently concedes that the trial court correctly charged the jury. Petitioner's brief states, "[Petitioner] does not take issue with the trial court's actions at trial as a direct matter; however, the failure of trial counsel to request the trial court to outline its rationale on the record for its instruction of [f]acilitation as a lesser-included offense, including the analysis articulated in *Burns* and other similar cases, constitutes ineffective assistance of counsel. . . ."

Facilitation of a charged offense is established by proof that "knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39–11–402(2), the person knowingly furnishes substantial assistance in the commission of the felony." Tenn. Code Ann. § 39–11–403. Under part (c) of our supreme court's opinion in *State v. Burns*, facilitation is a lesser-included offense of the offense charged. 6 S.W.3d 453, 466-67 (Tenn. 1999). Petitioner does not now cite any authority in support of a hypothetical challenge to the trial court's instruction on facilitation; therefore,

Petitioner cannot argue that it was deficient performance for his trial counsel not to challenge such instruction. Petitioner is not entitled to relief on this issue.

Next, Petitioner contends that his trial counsel should have discussed his reasoning for not requesting a severance with Petitioner prior to trial, and that Petitioner was prejudiced by counsel's failure to do so, but Petitioner does not offer any evidence to support that a severance in this case would have been proper. Counsel testified at the post-conviction hearing as to his reasoning for not requesting a severance. The trial court found that had a severance been requested, it would not have granted it. We will not second-guess tactical decisions made by trial counsel. Furthermore, Petitioner has failed to show how he was prejudiced. Petitioner is not entitled to relief on this issue.

Petitioner also asserts in his brief that "trial counsel had an obligation to at least discuss with [Petitioner] his reasoning for not seeking an instruction on [a]ccomplice [t]estimony at trial" and that it was deficient performance for counsel not to "educate his client on his decisions or his rationale thereto." Again, based on the testimony of trial counsel that, after thoughtful preparation, he made the tactical decision not to seek a severance in this case, we cannot conclude that counsel's performance was deficient. Furthermore, the trial court found that a severance was not warranted in this case; therefore, Petitioner was not prejudiced by counsel's alleged deficiency. Petitioner is not entitled to relief on this issue.

Finally, Petitioner argues that the trial court erred in failing to address all of the claims raised in his petition for post-conviction relief. Specifically, Petitioner contends that the trial court did not rule on the issue of whether "the cumulative effect of his trial counsel's errors constituted ineffective assistance of counsel." However, the trial court concluded, and we affirm the trial court's ruling, that each of counsel's alleged errors did not constitute ineffective assistance of counsel. Therefore, as the State responds in its brief, "there are no errors of counsel to accumulate." Petitioner is not entitled to relief on this issue.

## CONCLUSION

After a careful review of the record, we affirm the judgment of the post-conviction court.

_____
THOMAS T. WOODALL, JUDGE